**Nos. 2023-1404, -1405, -1406**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

UNIQURE BIOPHARMA B.V.,

*Appellant*,

*v.*

PFIZER INC.,

*Appellee*.

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2021-00925, IPR2021-00926, IPR2021-00928

**APPELLANT UNIQURE BIOPHARMA B.V.'S MOTION TO EXPAND THE WORD LIMIT FOR ITS PRINCIPAL AND REPLY BRIEFS**

JOSHUA L. STERN
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC  20006
(202) 663-6000

MARK C. FLEMING
EMILY R. WHELAN
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000
Mark.Fleming@wilmerhale.com

*Attorneys for Appellant uniQure biopharma B.V.*

February 17, 2023

Appellant uniQure biopharma B.V. respectfully moves to expand the word limits for its principal brief by 2,000 words and for its reply brief by 750 words.

This consolidated appeal arises from three (3) *inter partes* reviews ("IPRs") before the Patent Trial and Appeal Board ("PTAB"). In three separate Final Written Decisions ("FWDs"), the PTAB found that the challenged claims of two separate patents were unpatentable as obvious and/or anticipated over the prior art. Patent Owner uniQure has appealed all three FWDs, and this Court *sua sponte* consolidated all three appeals into the instant single appeal. Dkt. 2.

Consolidation of these appeals is appropriate because the claims of the two patents at issue (U.S. Patent No. 9,982,248 (the "'248 Patent") and U.S. Patent No. 10,465,180 (the "'180 Patent")) are directed to related technology, and the PTAB's three FWDs overlap in certain respects. Accordingly, uniQure does not seek to deconsolidate the three appeals, and agrees that that all issues should be briefed together to avoid duplication. However, each of the three FWDs presents its own issues for appeal, and they cannot be presented together within the standard word limit for a single brief. Appellant therefore respectfully submits that, for at least the following three reasons, an expansion of the word limit is necessary to allow fulsome treatment of each issue.

First, because the 26 claims at issue differ in multiple respects, the errors in the PTAB's obviousness finding are different across the various claims.

Specifically, while the '248 and '180 patents both pertain to the Padua variant of coagulation factor IX ("FIX") in conjunction with an adeno-associated viral vector, the '180 patent is directed to an adeno-associated viral vector and the '248 patent is separately directed to methods of treating a coagulopathy employing such a vector, as well as specific treatment methods recited in dependent claims. The PTAB considered different arguments across the 26 claims at issue on appeal, based on different combinations of prior art, and employed different analysis in several respects regarding, for example, motivation to combine, reasonable expectation of success, and objective indicia of non-obviousness for the various claims. The grounds for reversal or vacatur accordingly vary across the 26 involved patent claims.

Second, uniQure will appeal both anticipation and obviousness grounds addressed by the PTAB in IPR2021-00928. The PTAB's findings with respect to anticipation and obviousness present distinct errors, including with the application of different legal principles for the different grounds. The PTAB also relied on different prior art for the different grounds: it relied on a single reference for its anticipation finding and multiple references to find obviousness.

Third, in IPR2021-00926, the PTAB erroneously found that certain claims lacked written description in priority applications and therefore were not entitled to a certain priority date. These erroneous written description findings raise

additional distinct issues.  The PTAB's application of its written description analysis was different for different claims, and uniQure will identify the reasons for the Board's erroneous findings separately.

In view of these non-overlapping issues in three FWDs, expansion of the word limit is warranted so that uniQure may fully address the relevant distinctions among the patents and claims at issue and the distinct errors in the PTAB's analysis across the three FWDs.  Limiting uniQure's discussion of the patents and the three FWDs to the same word limit allocated to appeal a single FWD would severely hinder uniQure's ability to meaningfully present its appellate arguments. Notably, uniQure's proposed expanded word limit is still far below the word limit that would apply if the appeals were deconsolidated into even two separate appeals on the two separate patents at issue. In lieu of deconsolidation, this Court has granted motions for excess words in similar situations involving multiple IPRs in a consolidated appeal.  *Graftech Int'l Holdings, Inc. v. Laird Technologies Inc.*, No. 15-1797, Dkt. 13 at 2 (Fed. Cir. Aug. 18, 2015).

Accordingly, uniQure respectfully asks that the Court expand (1) the word limit of its principal brief from the standard 14,000 words to 16,000 words and (2) the word limit of its reply brief from the standard 7,000 words to 7,750 words.

Counsel for uniQure has consulted with counsel for Appellee regarding the relief sought herein.  Counsel for Appellee indicated that Appellee will oppose the present motion.

Respectfully submitted,

/s/ Mark C. Fleming

| | |
|---|---|
| JOSHUA L. STERN | MARK C. FLEMING |
| WILMER CUTLER PICKERING | EMILY R. WHELAN |
|   HALE AND DORR LLP | WILMER CUTLER PICKERING |
| 2100 Pennsylvania Avenue, NW |   HALE AND DORR LLP |
| Washington, DC  20006 | 60 State Street |
| (202) 663-6000 | Boston, MA  02109 |
| | (617) 526-6000 |
| | Michael.Summersgill@wilmerhale.com |

*Attorneys for Appellant uniQure Biopharma B.V.*

February 17, 2023

## CERTIFICATE OF INTEREST

Counsel for Appellant uniQure biopharma B.V. certifies the following:

**1.    Represented Entities**.  Fed. Cir. R. 47.4(a)(1).  Provide the full names of all entities represented by undersigned counsel in this case.

uniQure biopharma B.V.

**2.    Real Party in Interest**.  Fed. Cir. R. 47.4(a)(2).  Provide the full names of all real parties in interest for the entities.  Do not list the real parties if they are the same as the entities.

CSL Behring LLC

**3.    Parent Corporations and Stockholders**.  Fed. Cir. R. 47.4(a)(3). Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.

uniQure N.V.

**4.    Legal Representatives**.  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

WILMER CUTLER PICKERING HALE AND DORR LLP: David L. Cavanaugh; Cindy Kan; James M. Lyons; Akkad Y. Moussa

**5.    Related Cases**.  Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.  Do not include the originating case number(s) for this case.  Fed. Cir. R. 47.4(a)(5).  *See also* Fed. Cir. R. 47.5(b).

None.

**6.      Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

None.


Dated:  February 17, 2023          /s/Mark C. Fleming
                                   MARK C. FLEMING
                                   WILMER CUTLER PICKERING
                                     HALE AND DORR LLP
                                   60 State Street
                                   Boston, MA  02109
                                   (617) 526-6000

## **CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS**

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because:

1.    The filing has been prepared using a proportionally-spaced typeface and includes 707 words.

2.    The filing has been prepared using Microsoft Word for Office 365 in 14-point Times New Roman font.  As permitted by Fed. R. App. P. 32(g), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

/s/ Mark C. Fleming
MARK C. FLEMING
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA  02109
(617) 526-6000

February 17, 2023